945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Vernon Rae TWYMAN, Jr., a/k/a Vernon Ray Twyman, Debtor.
J. Wayne PHILPOT, Wayne Leasing, Inc., Plaintiffs-Appellees,
v.
Vernon Ray TWYMAN, Jr., Defendant-Appellant.
 No. 91-5106.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Twyman (Debtor) filed for bankruptcy and the bankruptcy court subsequently determined that two separate debts owing to Mr. Philpot (Creditor) were not dischargeable. Debtor appealed to the district court, who affirmed. Debtor now appeals this district court decision. We affirm.
 
 
 3
 Debtor and Creditor were apparently good friends. Debtor held himself out as a financial advisor and began performing his services for Creditor. While Creditor lost in excess of $1,000,000 by following Debtor's "advice," only two of those many transactions are involved in this case.
 
 
 4
 The first debt involved a complex transaction, which we summarize by stating that Creditor loaned Debtor $150,000 to be placed in Debtor's bank account as "show money." Debtor assured Creditor that he would not spend or in any way place the money at risk. However, the undisputed evidence established that Debtor instructed an employee to spend this money for Debtor's benefit prior to its receipt from Creditor. The bankruptcy court concluded this debt was nondischargeable under 11 U.S.C. § 523 as the monies were obtained by misrepresentation and further upon the grounds of fraud and defalcation by a fiduciary.
 
 
 5
 Debtor contends that when Creditor discovered the promises to keep the funds in escrow had been broken, Creditor allowed Debtor to make interest payment upon this debt thereby treating it as a loan. Debtor also contends that Creditor treated this loan as an ordinary business transaction bad debt by deducting the loss on his income tax return. Debtor argues that this conduct constitutes either a waiver of the fraud or an estoppel to urge the fraud.
 
 
 6
 This argument has no merit. Waiver is the intentional relinquishment, by express words or unequivocal action, of a known right. FDIC v. Palermo, 815 F.2d 1329, 1338 (10th Cir.1987). The actions described, even if supported by the evidence, are not sufficient to establish a waiver. Nor are these actions sufficient to invoke the doctrine of estoppel. See Western Contracting Corp. v. Sooner Constr. Co., 256 F.Supp. 163, 168 (W.D.Okla.1966) (applicable elements of estoppel explained).
 
 
 7
 The second debt involves an unrelated transaction. Again, the transaction was complex; however, for the purpose of brevity, we will summarize it by stating that Debtor advised Creditor to purchase personal property from Debtor in order to gain investment tax credits. The essence of this transaction is that Debtor would sell to Creditor approximately $288,000 worth of office equipment, half of which he owned and half of which he would acquire at a later date. Creditor would then lease this equipment back to Debtor. The bankruptcy court found that Debtor never intended to carry out the proposed sale and lease-back transaction. Instead, Debtor converted approximately $43,000 of Creditor's monies to his own use. The bankruptcy court concluded this $43,000 was nondischargeable for the same reasons that barred discharge of the other debt under 11 U.S.C. § 523.
 
 
 8
 Debtor contends the bankruptcy court's conclusion that Debtor never intended to perform the contract is "plain error." To support this conclusion, Debtor points to selected portions of the trial testimony that tend to show that office furniture to be purchased by Debtor for resale to Creditor was in fact purchased. Debtor fails to note, however, that the evidence clearly established, and the bankruptcy court found, that Debtor failed to execute a bill of sale to the property; that Debtor was aware that he did not have the financial ability to purchase the items needed to complete the transaction; and that Debtor intended to, and did in fact use the $43,000 to pay his existing debts. Another fact overlooked by Debtor is that the testimony he relies upon shows the values placed on some of the items were grossly inflated by a factor of ten to one--a fact emphasized by the trial judge--and this alone would justify the bankruptcy court's rejection of this testimony. In reviewing the decision of a bankruptcy court, the district court and the appellate court apply the same standards of review--de novo for legal determinations and clearly erroneous for factual findings--that govern appellate review in other cases. Virginia Beach Fed. Sav. & Loan Ass'n v. Wood, 901 F.2d 849, 851 (10th Cir.1990). A trial court's factual findings "may not be reversed if its perception of the evidence is logical or reasonable in light of the record." In re Branding Iron Motel, Inc., 798 F.2d 396, 400 (10th Cir.1986). Based on a review of the entire record, we cannot say the bankruptcy court's finding that Debtor had no intention of performing the contract at and prior to the time the contract was negotiated and executed is clearly erroneous. In fact, the bankruptcy court's factual findings are supported by abundant evidence and we therefore reject Debtor's arguments. The district court reviewed the evidence supporting the bankruptcy court's findings in its Order affirming the bankruptcy court's judgment, and it would therefore serve little purpose to detail this evidence again. Suffice it to say the record supports the bankruptcy court's findings and the district court's review.
 
 
 9
 The order of the district court affirming the judgment of the bankruptcy court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3